UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON SHANE NEUHAUS,<br>　　　　Plaintiff,<br>　　v.<br>SUZANNE M. PEERY,<br>　　　　Defendant. | Case No. 20-cv-07385-VKD<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

Petitioner Jason Shane Neuhaus, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his confinement at the California Correctional Center in Susanville, California. According to his petition, following a jury trial in the Superior Court of California for the County of Contra Costa, Mr. Neuhaus was sentenced to 109 years plus 157 years to life for, among other things, 10 counts of attempted murder of a peace officer (Cal. Penal Code §§ 664/187(a)). Dkt. No. 1 at 1–2. In 2019, the California Court of Appeal affirmed the conviction (except for one count of assault), and the California Supreme Court denied his petition for review. *Id.* at 3. Mr. Neuhaus argues that the convictions for attempted murder of a peace officer should be reversed for multiple reasons: (1) insufficient evidence showing that he possessed a specific intent to kill; (2) instructional error on a "kill zone theory"; (3) prosecutorial misconduct in misstating the applicable law; and (4) ineffective assistance of counsel in failing to object to the instructional error and prosecutorial misconduct. *Id.* at 5.

These claims, when liberally construed, are cognizable and potentially meritorious. Good cause appearing, respondents are ordered to show cause why the petition should not be granted.

Accordingly, the Court orders as follows:

1. The Clerk of the Court shall serve respondent and respondent's attorney, the Attorney

General of California, with a copy of this Order to Show Cause, as well as the petition for writ of habeas corpus and all attachments (Dkt. No. 1).

2. Respondent shall file with the court and serve on petitioner, within **60 days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases and Habeas Local Rule 2254-6(b), showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **30 days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **28 days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **14 days** of receipt of any opposition.

4. The parties are reminded that this matter has been randomly assigned to the undersigned magistrate judge for all purposes.  All parties who have not yet done so shall file either a consent or declination to proceed before a magistrate judge.  The consent/declination form is available on the Northern District of California's website, https://cand.uscourts.gov/filelibrary/1335/MJ_Consent-Declination_Form_Jan2014.pdf.  Parties are free to withhold consent without adverse substantive consequences. Fed. R. Civ. P. 73(b)(2).

**IT IS SO ORDERED.**

Dated: November 13, 2020



VIRGINIA K. DEMARCHI
United States Magistrate Judge